IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| BRANDON O'DELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| UFB, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, BRANDON O'DELL ("PLAINTIFF"), and files this Complaint against DEFENDANT, UFB, LLC ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violation of the Fair Labor Standards Act ("FLSA").

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation that operated a store in Fort Myers, Florida and PLAINTIFF performed work for DEFENDANT in Fort Myers, Florida.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

10. In or around November 2019, DEFENDANT hired PLAINTIFF to work as a clerk in its store, assisting customers with shipping and communications and providing fingerprinting services and DEFENDANT agreed to pay him a salary of $600 per week. PLAINTIFF continued in that capacity until he resigned in or around April 2021.

11. The FLSA requires an employer to pay its employees at a rate of time and one-half when they work more than 40 hours per week if the employee, like PLAINTIFF worked in a nonexempt position.

12. PLAINTIFF performed work for DEFENDANT in January 2022, for which he should have received overtime pay at a rate of time and one-half his usual hourly rate, but DEFENDANT did not pay him halftime when PLAINTIFF worked more than 40 hours

per week.

13. PLAINTIFF worked an average of 50 hours per week for DEFENDANT during the last eight months of his employment and at least that amount during the 2019 holiday season.

14. DEFENDANT violated the Fair Labor Standards Act by not paying PLAINTIFF a halftime premium when he worked more than 40 hours per week.

15. Upon information and belief, DEFENDANT has willingly, deliberately and intentionally refused to pay PLAINTIFF in a manner that satisfies the requirements of the Fair Labor Standards Act.

16. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate rate by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

17. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

18. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

19. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

20. PLAINTIFF, at all relevant times was an employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which he did not receive compensation.

21. During his employment with DEFENDANT, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANT violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF an overtime premium when he worked more than 40 hours in a week.

22. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

23. DEFENDANT'S failure to compensate PLAINTIFF properly for his time worked violates the overtime provisions of the FLSA and the regulations thereunder.

24. DEFENDANT'S failure to compensate PLAINTIFF properly for his time worked was a willful and knowing violation of the Act.

25. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF properly, he has suffered substantial delay in receipt of wages owed and damages.

26. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF overtime pay at a rate of halftime ($600/50 hours/2 =$6 per hour) for a period of 40 weeks, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

27. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-

judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated:  February 18, 2022

        Respectfully submitted,

        **THE LAW OFFICE OF MATTHEW BIRK**

        **/s/ Matthew W. Birk**
        **Matthew W. Birk**
        Florida Bar No.:  92265
        309 NE 1st Street
        Gainesville, FL  32601
        (352) 244-2069
        (352) 372-3464 FAX
        mbirk@gainesvilleemploymentlaw.com
        ATTORNEYS FOR PLAINTIFF